IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
Eastern Division, Chicago, Illinois.

| | |
|---|---|
| KATHLEEN A. SVETZ, ] | |
| ] | |
|    Plaintiff ] | |
| ] | |
| v. ] | |
| ] | Case No. 1-21-cv-4057 |
| SUN LIFE ASSURANCE CO. of CANADA, ] | |
|   a foreign corporation conducting business ] | |
|     in the State of Illinois, ] | |
| ] | |
|    Defendant ] | COMPLAINT |

Plaintiff Kathleen A. Svetz, by her attorney, Emmanuel F. Guyon, states as follows:

**I.   Nature of the Case.**

    1.    This is an action for a claim for Long Term Disability Benefits under a Group Benefits Policy for Benefits providing coverage available during the term of employment and accorded employees of Allied Power Co., a contractor engaged in work at the Byron facility of Exelon Company, operator of a nuclear facility located at Byron, Illinois. Plaintiff developed medical conditions during the term of her employment starting in 2014, with a physical disability culminating in October, 2018, that has affected her physical condition adversely and prevented resumption of her job working as a computer data entry processing operator for Allied Power, Inc., at the Byron, Illinois, nuclear facility, or at other facilities of Allied Power, Inc. The Long Term Disability Benefits Policy as a benefit from employment is available to cover a personal situation that prevents resuming her former occupation, and has resulted in a loss of income to the Plaintiff from her former employment as a computer data-entry operator at Defendant's place of business, compared to the type of employment she is now capable of performing post-injury, and post-surgery, which physical limitations and disability has resulted in a loss of income, and prevents gainful employment at the economic level previously experienced.

**II.   Parties.**

    2.    Plaintiff Kathleen A. Svetz is a resident of Streator, LaSalle County, Illinois.

    3.    Defendant Sun Life Assurance Co. of Canada, is a foreign corporation formerly licensed to do business in the State of Illinois, is presently not in good standing in the State of Illinois after 4 December 2018, but was at the time of the effective date of the policy related

hereafter by Sun Life Assurance Co. of Canada. was licensed to do business in the State of Illinois, all of which events comprise the civil matter complained of hereafter by the actions of the Plan Administrator of SunLife Assurance Co. of Canada to deny coverage to the Plaintiff under the Long Term Disability Group Benefits Plan, Policy No. 900578-GD Long Term Disability, in effect during the period of employment of Plaintiff with Allied Power, Inc., at the Byron nuclear facility.  *See Tab 1, Long Term Policy: 900578-GD; and Tab 2: Report of non-registration and good standing of Sun Life Assurance Co. of Canada in the Office of the Secretary of State of Illinois information schedule attached.*

### III.  Jurisdiction and Venue.  Diversity of the Parties, residents of different states.

**Jurisdiction:  29 U.S.C.A. 1132(a) states:**

*5a.      The U. S. District Courts of the United States shall have jurisdiction of a cause, without respect to the amounts in controversy or the citizenship of the parties, to grant relief provided for in subsection (a) of this section in any action.*

*5b.      The Statute, 29 U.S.C.A. 1132(a)(1)(B), directs jurisdiction is maintained where…the breach of contract occurred, …which occurrence was in the State of Illinois, where the physical disability developed, continued, and resulted in a condition that prevented plaintiff from continued employment, and gave Plaintiff the right to invoke entitlement to the benefits of the  policy.*

6.      Plaintiff Kathleen A. Svetz is a United States citizen, a resident of Streator, LaSalle County *(Federal Court, Northern District of Illinois, Eastern Division, Chicago, IL)*, Illinois.

7.      Defendant Sun Life Assurance Co. of Canada, believed to be incorporated pursuant to the foreign Business Corporation Act of Illinois as Sun Life Financial Distributors, Inc., until 4 December 2018, when it voluntarily withdrew registration in the State of Illinois.  The corporation was in good standing to that date, and was in good standing at the time of the events related hereafter that comprise the cause of action of the Plaintiff against the Defendant, Sun Life Assurance Co. of Canada.  At the time of filing this complaint the licensing status of Sun Life Assurance Co. of Canada is unknown, and its right to conduct business in Illinois is unknown.

8.      In good faith, Plaintiff believes the Defendant Sun Life Assurance Co. of Canada was under the corporate umbrella of Sun Life Financial Distributors, Inc., with the same mailing address of Sun Life Assurance Co. of Canada, with the address for both entities to be One Sun Life Executive Park, Wellesley Hills, MA 02481-5699.  Plaintiff's counsel has corresponded on multiple occasions in the past to that address, specifically to Mr. Brendan O'Donnell at Sun Life Assurance Co. of Canada *(@ the Wellesley Hills, MA address)* on September 25, 2020 *(certified mail)*;  November 4, 2020 *(certified mail)*; November 5, 2020; and return correspondence from Mr. O'Donnell on November 8, 2020.   The certified mail transmittals were acknowledged received, not returned to sender.

9. During the time of good standing, *i.e., to 4 December 2018,* the registered agent in the State of Illinois was CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois, 60604. Because of withdrawal of the registration of Sun Life Assurance Co. of Canada with the Office of the Illinois Secretary of State, this agent cannot accept service for the defendant.

**Venue: U.S.C.A. §1132(e)(2).**

10. The breach of contract conduct and actions of the Defendant complained of hereafter occurred in the State of Illinois, with the final event of Plaintiff's disability and entitlement to contract benefits determined as the last day worked, October 15, 2018, thus the proper venue is directed by statute, *29 U.S.C.A. §1132(e)(2),* according to the following statutes *(annotated)*:

> *F.R.C.P. 1391 (b)(2), "…a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred…", and*
>
> *F.R.C.P. 1391(c)(2), "whether or not a corporation…if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question…".*

The venue set by compliance with the above statutes is the Federal District Court, Northern District of Illinois, Chicago, Illinois. *F.R.C.P. 1391, supra.* An **ERISA action is not classified as a 'diversity' action**, as diversity is defined for purposes of venue by specific exemption from the normal requirements of diversity, **a.** to be citizens of different states, and, **b.** the amount in controversy, the damages for personal injury and property damages sought by the Plaintiff believed in good faith to be in excess of $75,000.00. *F.R.C.P. 1132(f).*

**IV. Statement of the Claim.**

11. On or about the date of April, 2014, and at all relevant times thereafter, Plaintiff Kathleen A. Svetz was engaged as a contract employee of Allied Power Co., a contractor to Exelon Co, the operator of the Byron Nuclear Plant, Byron, Illinois, and as a result of that employment is entitled to claim benefits associated with the employment that she was insured under Sun Life of Canada Group Policy No. 900578-GD Long Term Disability. A true and correct copy of the policy is attached hereto as Tab 1, as Exhibit A.

12. At all times during the period of employment Plaintiff was regarded as a satisfactory, conscientious employee, and received no adverse personal reviews.

13. As stated previously, Plaintiff developed medical conditions during the term of her employment starting in 2014 that have affected her physical condition adversely and prevented resumption of her job working as a computer data entry processing operator for Allied Power, Inc., at the Byron, Illinois, nuclear facility, or at other facilities of Allied Power, Inc., the employment assignment as directed by the employer.

**14.** As a result of the injuries mentioned herein, plaintiff qualified for benefits, was eligible and did receive payments of long term disability benefits from Defendant Sun Life Assurance Co. of Canada for disability as defined under the terms of the policy for a period of time. Plaintiff proceeded to follow the appeal process directed by Defendant for continued benefits, all of which has resulted in a letter of denial dated March 5, 2021. *See Tab 3, Letter of Denial of Benefits.*

**15.** Defendant has paid the first 24 months of disability payments, but has not paid further disability benefits after October, 2020.

**16.** Plaintiff suffered disability as defined under the terms of the policy since the date of October 15, 2018, when she had to leave her job because of the medical conditions stated, has been fully disabled from her prior vocational job of computer data entry operator because the stress of the job caused the return and continuation of the medical conditions associated with trigeminal neuralgia, pain, eye-site problems, vertigo/balance problems, and could not continue on the vocational path related herein.

**17.** Plaintiff has sought other jobs that use computer skills with less stress, deeming the skills to be transferrable, and can do those jobs provided the detail to the computer data is not too stressful. Plaintiff did not work for a period of time, but eventually obtained a job with the LaSalle County, Illinois, Treasurer's Office, but was not retained after a trial work period because of inability to adequately perform the functions of the job requiring nominal computer skills less than the demanding computer skills associated with the position at Allied Power, Inc. The Plaintiff's computer skills were transferable to this job. This job was at a pay scale above minimum wage and paid substantial benefits, including insurance, pension, and other benefits. Despite diligent and persistent efforts by Plaintiff to find comparable employment, the overall economic package of compensation has been substantially less than the previous position at Allied Power, Inc.

**18.** Plaintiff now has only been able to obtain, and perform satisfactorily, jobs at minimum wages, with no benefits.

**19.** Plaintiff has sought other jobs requiring computer skills without success, but then has sought retail jobs as cashier for a convenience store, and is now working as a receptionist at a desk job at the YMCA in Streator, Illinois. All of the jobs sought and obtained by the Plaintiff are at the minimum wage scale, with no benefits.

**20.** After Plaintiff has been continuously disabled for short-term entitlement periods referenced in the policy Defendant has stopped payment of benefits totally, and refuses to re-institute the Long Term Policy benefits despite requests to do so. Defendant has wrongfully and in violation of the terms of the Policy refused to make further payments to the plaintiff and has since failed and refused to pay, and still refuses to pay plaintiff the benefits calculated due her under the terms of the Policy.

**21.** Plaintiff has performed all the conditions of the policy to be performed on her part.

22. Under the terms of the policy, defendant is liable to the plaintiff for benefits from the date of disability according to the formula and periods stated in the policy, and applicable to the limitations periods stated in the sections styled "1. Benefit highlights", pp. 4-7, with one option to be selected depending on which enrollment category the Plaintiff is enrolled as determined by the Defendant, further limited by the Total Monthly Earnings to be based on the hourly rates of pay while employed at Allied Power, Inc., not to exceed 40 hours weekly. The cost of the Disability policy as an employee benefit was non-contributory on the part of the Employee, and fully paid for by the Employer.

### V. Exhaustion of the Plan's Claims and Appeal Procedures.

23. The Plaintiff has exhausted the plan's claims and appeal procedures before filing suit. *See 29 U.S.C.A. §1132(2) and 29 U.S.C.A. §1133(a)(1)(b).*

### VI. Cause of Action Under ERISA, 29 U.S.C.A., §§ 1001, et. seq.

24. This action arises under the Employee Retirement Income Security Act of 1974 *(29 U.S.C. §1001 (ERISA))*, and more particularly *§502(a)(1)(B), 1988 (29 U.S.C. 1132(a)(1)(b).*

25. This court has jurisdiction of the matter under *29 U.S.C. 1132(e)(1); 28 U.S.C. 1131.*

26. The Long Term Disability Insurance Group Policy No. 900578-GD Long Term Disability referenced herein under which plaintiff seeks benefits is a group total disability insurance policy issued under an 'employee benefit plan' pursuant to ERISA, *29 U.S.C. §1002(3),* a provision of the Employee Retirement Income Security Act of 1974.

27. The employee benefit plan, Long Term Disability Group Policy No. 900578-GD, is covered by ERISA, Defendant is the Plan Administrator, and Plaintiff is a participant and beneficiary under the ERISA plan.

28. The Plan Administrator's determination of the plaintiff's claim, a denial of a continuation of the plan's benefits is wrongful conduct of the Defendant.

### VII. Relief Sought.

The damages sought by Plaintiff in suit are based on the following components of personal and property damages.

1. ***ERISA, 29 U.S.C.A., §§ 1001, et. seq., in particular 29 U.S.C.A. 1132(a)(1)(B).***

    a. Lost primary wages. Plaintiff was a computer data entry specialist, payroll, which required great attention to detail, concentration, and error free production of work output, and commanded premium rates for work performed.

   b. Lost future wages from reduced ability to work anticipated future working hours, because of an inability to work in the same manner as before the injury and eventual recovery to the extent she might be able to obtain work at the salary level she earned from past employment.

2. **Compensation for Past and Future Physical Disabilities.**

   c. The residual physical limitations affect the claimant vocationally, physically, and personally, and Plaintiff experiences continued pain and suffering after the surgery to attempt correction of the developed physical problems related herein.

3. *ERISA, 29 U.S.C.A. 1132(a)(1)(B), Enforcement of Future Rights.*

   d. Preservation of a right to bring a future civil action characterized as equitable, non-monetary relief to enforce rights under the terms of the Plan, or to clarify rights to future benefits.

4. *Award of Attorney Fees, 29 U.S.C.A. 1132(g)(1).*


## VIII. F.R.C.P. Rule 11 Certification.

Under *Federal Rule of Civil Procedure 11*, and by signing below, I certify to the best of my knowledge, information and belief that this complaint:

*(1)* is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

*(2)* is supported by existing law or by nonfrivolous argument for extending, modifying, or reversing existing case law;

*(3)* the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

*(4)* the complaint otherwise complies with the requirements of *F.R.C.P. Rule 11*.

/ s  Kathleen A. Svetz_____
Kathleen A. Svetz, Plaintiff

Date: July 26, 2021

/ s  Emmanuel F. Guyon_____
Emmanuel F. Guyon, Attorney for Plaintiff
Bar Number: Illinois ARDC 1090666

*Emmanuel F. Guyon Law Firm*
*5 East Bridge Street*
*Streator, IL  61364*
*T:  815/673-2361*
*bglaw@mediacombb.net*

Case: 1:21-cv-04057 Document #: 3 Filed: 08/05/21 Page 7 of 7 PageID #:9